UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RN'D PRODUCTIONS, INC., | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:17-cv-142 |
| v. | § | |
| WALT DISNEY RECORDS DIRECT, | § | |
| Defendant, | § | |
| | § | |

## A. PARTIES

1. Plaintiff, RN'D Productions, Inc., is a corporation that is organized under the laws of the State of Texas.

2. Defendant, WALT DISNEY RECORDS DIRECT ("WDR"), is a corporation organized under the laws of the State of California. Defendant has its principle place of business in California, and has continuous and systematic contacts with the State of Texas through media sales. Defendant does not have a registered agent in the State of Texas. Service of process on the Defendant may be made according to the laws of the State of Texas by serving CSC - LAWYERS INCORPORATING SERVICE, 2710 GATEWAY OAKS DR STE 150N, SACRAMENTO, CA 95833.

## B. JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C.S § 1338 because the suit arises under The Copy Right Act, 17 U.S.C.S

1

§501. WDR violated the act by selling copywritten recordings, "What I've Been Looking For," "Breaking Free," and "Get'cha Head in the Game" owned by RN'D Productions under an Exclusive Production Agreement with Jamaica Johnson and his artist, Andrew Seeley, which granted RN'D productions the exclusive ownership any copy written recordings produced or performed during the term of the contract ending June 12, 2006. **See Plaintiff's Exhibit A - B**

### C. VENUE

4. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred. Namely, WDR sold the above mention copy written recordings in Texas through varies retailers and directly to Texas consumers through music downloads.

### D. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

### E. COUNT 1- COPYRIGHT INFRINGEMENT ON COPY WRITTEN RECORDING "WHAT I'VE BEEN LOOKING FOR"

6. Plaintiff, a U.S. corporation, owned the exclusive rights to any copywritten recordings produced or performed during the term of its Exclusive Production Agreement with Jamaica Johnson and his artist, Andrew Seeley, which began June 12, 2000 and ended June 12, 2006. WDR sold recordings of performances featuring Andrew Seely of the recording "What I've Been Looking For," which was owned by the Plaintiff without permission and compensation to the Plaintiff. This recording is copyrightable subject matter under the laws of the United States. See 17 U.S.C. § 101 et. Seq.

7. Since the date of its creation in 2005, plaintiff has been the sole owner of all rights, title, and interest in and to the copyright under its Exclusive Production Agreement with Jamaica Johnson and his artist, Andrew Seely, on recording of performances of "What I've Been Looking For," by Andrew Seeley.

8. After July 12, 2006, defendant, WDR, infringed plaintiff's copyright by publishing and placing on the market the above-mentioned recordings.

9. Defendant, WDR, willfully infringed plaintiff's copyrighted work.

## D. COUNT 2- COPYRIGHT INFRINGEMENT ON COPY WRITTEN RECORDING "BREAKING FREE"

10. Plaintiff, a U.S. corporation, owned the exclusive rights to any copywritten recordings produced or performed during the term of its Exclusive Production Agreement with Jamaica Johnson and his artist, Andrew Seely, which began June 12, 2000 and ended June 12, 2006. WDR sold the recording "Breaking Free," which was written by Andrew Seeley and owned by the Plaintiff without permission and compensation. This recording is copyrightable subject matter under the laws of the United States. **See 17 U.S.C. § 101 et. Seq.**

11. Since the date of its creation in 2005, plaintiff has been the sole owner of all rights, title, and interest in and to the copyright under its Exclusive Production Agreement with Jamaica Johnson and his artist, Andrew Seely, on the recording "Breaking Free."

12. After July 12, 2006, defendant, WDR, infringed plaintiff's copyright by publishing and placing on the market the above-mentioned recording.

13. Defendant, WDR willfully infringed plaintiff's copyrighted work.

### F. COUNT 3- COPYRIGHT INFRINGEMENT ON COPY WRITTEN RECORDING "GET'CHA HEAD IN THE GAME"

14. Plaintiff, a U.S. corporation, owned the exclusive rights to any copywritten recordings produced or performed during the term of its Exclusive Production Agreement with Jamaica Johnson and his artist, Andrew Seely, which began June 12, 2000 and ended June 12, 2006. WDR sold recordings of performances featuring Andrew Seely of the recording "Get'cha Head in the Game"," which was owned by the Plaintiff without permission and compensation. This recording is copyrightable subject matter under the laws of the United States. **See 17 U.S.C. § 101 et. Seq.**

15. Since the date of its creation in 2005, plaintiff has been the sole owner of all rights, title, and interest in and to the copyright under its Exclusive Production Agreement with Jamaica Johnson and his artist, Andrew Seely, on recording of performances of "Get'cha Head in the Game," by Andrew Seeley.

16. After July 12, 2006, defendant, WDR, infringed plaintiff's copyright by publishing and placing on the market the above-mentioned recordings.

17. Defendant, WDR, willfully infringed plaintiff's copyrighted work.

## G. DAMAGES

18. As a direct and proximate result of the defendants', WDR, conduct, plaintiff suffered the following damages:

    a. Actual Damages.

    b. Lost Profits.

    c. Statutory Damages.

    d. Statutory Damages for willful infringement.

## H. ATTORNEYS FEES AND COSTS

19. Plaintiff is entitled to an award of attorney fees and cost under 17 U.S.C. § 505 as a prevailing party.

## I. PRAYER

20. For these reasons, plaintiff asks for judgment against defendant, WDR, for the following:

    a. Defendants pay plaintiff $9,000,000.00 for actual damages, plus the amount of defendant's profits attributable to infringement, or in the alternative, defendants pay plaintiff statutory damages, as authorized by 17 U.S.C. § 504(c).

    b. Defendants pay plaintiff prejudgment and postjudgment interest, as authorized by law.

    c. Defendant pay plaintiff prejudgment and postjudgment interest, as authorized by law.

d. Defendant pay plaintiff additional damages for willfully infringing plaintiff's copyright, as authorized by 17 U.S.C. § 504(c)(2).

e. Plaintiff have all other relief the Court deems appropriate.

Respectfully submitted,

BY: _____
Keith M Harris
TBN: 24097802
SDTX Bar No. 2753533
2405 Wentworth St.
Houston, Texas 77004
Telephone: 281-940-8054
Fax: 713-513-5915
Email: keith@kmharrislaw.com

ATTORNEY IN CHARGE FOR PLAINTIFF,
RN'D PRODUCTIONS, INC.,