IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RN'D PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-142 |
| | § | |
| WALT DISNEY RECORDS DIRECT, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION**

Pending before the court[1] is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 18).[2] The court has considered the motion, Plaintiff's response, Defendant's reply, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant's motion.

### **I. Case Background**

Plaintiff filed this action on January 17, 2017, alleging that Defendant violated the Copyright Act[3] by infringing Plaintiff's copyrights on recordings of three songs.[4] Plaintiff pled:

> [Defendant] violated the [Copyright] [A]ct by selling copywritten [sic] recordings, "What I've Been Looking For," "Breaking Free," and "Get'cha Head in the Game"

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 13, Ord. Dated Feb. 21, 2017.

[2] Also pending is Defendant's Motion to Dismiss (Doc. 14). Plaintiff responded with an amended complaint, after which Defendant filed a motion to dismiss the amended complaint. Therefore, Defendant's first motion to dismiss is **DENIED AS MOOT.**

[3] See 17 U.S.C. §§ 101-1332.

[4] See Doc. 2, Pl.'s Orig. Compl.

>owned by [Plaintiff] under an Exclusive Production Agreement with Jamaica Johnson [("Johnson")] and his artist, Andrew Seeley, which granted [Plaintiff] the exclusive ownership any [sic] copy written [sic] recordings produced or performed during the term of the contract ending June 12, 2006.[5]

According to Plaintiff, all three of the recordings were created in 2005, and, "[a]fter July 12, 2006," Defendant "infringed [P]laintiff's copyright by publishing and placing on the market the above-mentioned recording[s]."[6] Plaintiff requested $9,000,000 in actual damages or, alternatively, an unspecified sum in statutory damages as increased for willfulness.[7]

As an exhibit to its complaint, Plaintiff attached an exclusive production agreement entered on June 12, 2000, with Johnson by which Johnson agreed to furnish the exclusive services of five individuals and their band Nu Ground in exchange for the advancement of funds for recording costs and subsequent royalty payments.[8] The contract provided that each master and derivative recording created during the contract period would be considered a "work made for hire" and would "be entirely the property of [Plaintiff] in perpetuity throughout the world, under copyright and

---

[5] Doc. 2, Pl.'s Orig. Compl. p. 2.

[6] Id. pp. 3-4.

[7] Id. p. 5.

[8] See Doc. 2-2, Ex. A to Pl.'s Orig. Compl., Exclusive Prod. Agreement pp. 1, 6-10. The agreement is also an exhibit to Plaintiff's First Amended Complaint. See Doc. 17-2, Ex. B to Pl.'s 1st Am. Compl., Exclusive Prod. Agreement.

otherwise."[9] Plaintiff obtained "the right to register the copyrights in such master recordings and [r]ecordings derived therefrom in [its] name or in the name(s) of [its] designee(s) and to secure any and all renewals and extensions thereof."[10] The contract also stated that Johnson and Artist assigned to Plaintiff all of their rights and title to the copyrights and exclusive rights, including manufacturing records and publicly performing the recordings.[11]

On March 15, 2017, Defendant filed a motion to dismiss Plaintiff's original complaint.[12] Defendant argued that: (1) the court lacked subject matter jurisdiction; (2) the court lacked personal jurisdiction over Defendant; (3) Plaintiff's claims were barred by the doctrine of collateral estoppel in light of a prior suit addressing the copyrights of the same recordings;[13] (4) Plaintiff's claims were barred by the applicable statute of limitations; and (5) Plaintiff failed to state a claim because it did not plead that it owned copyrights from the U.S. Copyright

---

[9] Id. p. 4.

[10] Id.

[11] See id. pp. 4-5.

[12] See Doc. 14, Def.'s Mot. to Dismiss.

[13] See RN'D Prods. Inc. v. Seeley, Civ. Action No. 4:13-cv-1751 (S.D. Tex. June 15, 2013), Doc. 1, Pl.'s Orig. Compl. On January 31, 2014, the court granted the defendants' motion to dismiss without prejudice, allowing Plaintiff an opportunity to amend. See id. at Doc. 80, Min. Entry Dated Jan. 31, 2014. Plaintiff did not amend, and, on September 16, 2014, the court entered final judgment. See id. at Doc. 84, Final J.

3

Office on the recordings and did not plead sufficient facts regarding the alleged infringement.[14]

Rather than respond to Defendant's arguments in an opposition brief, Plaintiff filed an amended complaint, in which it made relatively few modifications.[15] One notable addition to the complaint was the copyright information for the three songs at issue.[16] According to Plaintiff, Walt Disney Music Company registered each of the songs with the U.S. Copyright Office on July 12, 2006.[17] Plaintiff reworded a portion of each of the copyright counts to state that, "[s]ince July 12, 2006," Defendant "has infringed [P]laintiff's copyright by publishing and [sic] the above-mentioned recordings in Texas and throughout the world without the consent of [Plaintiff]."[18] Plaintiff also added that Defendant had not asked Plaintiff for consent to sell and distribute the recordings.[19]

Defendant then filed the pending motion to dismiss the amended complaint.[20] Defendant raised identical arguments to those presented in its first motion with the one exception of arguing

---

[14] See id.

[15] See Doc. 17, Pl.'s 1st Am. Compl.

[16] See id. p. 2.

[17] See id.

[18] Id. pp. 4-6.

[19] Id.

[20] See Doc. 18, Def.'s Mot. to Dismiss Pl.'s 1st Am. Compl.

4

that res judicata, rather than collateral estoppel, barred Plaintiff's suit.[21] Plaintiff opposed the motion, arguing that the court can exercise both subject matter and personal jurisdiction, that its claims are not barred by collateral estoppel or the statute of limitations, and that it is the exclusive owner of the recordings in question.[22] On May 11, 2017, Defendant filed a reply.[23]

As the motion is fully briefed, it is ripe for the court's consideration.

## II. Legal Standards

Dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). A district court's jurisdiction is limited to actual cases or controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). Constitutional "standing is an essential and unchanging part of the case-or-controversy requirement . . . ." Id. at 560; see also McCall v. Dretke, 390 F.3d 358, 361 (5th Cir. 2004)(explaining that standing is an essential component of federal subject matter jurisdiction).

To plead constitutional standing, a plaintiff must satisfy three elements. See OCA-Greater Houston v. Tex., 867 F.3d 604,

---

[21] See id.

[22] See Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s 1st Am. Compl.

[23] See Doc. 20, Def.'s Reply.

5

609-10 (5th Cir. 2017)(listing the "well-known requirements of Lujan" in a case addressing associational or organizational standing).  First, a plaintiff must have sustained "an injury in fact," which is defined as "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Id. at 610 (internal quotation marks omitted)(quoting NAACP v. City of Kyle, Tex., 626 F.3d 233, 237 (5th Cir. 2010)).  Second, a plaintiff must show a causal connection between the injury and defendant's actions.  Id. (quoting NAACP, 626 F.3d at 237).  "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Id. (internal quotation marks omitted)(quoting NAACP, 626 F.3d at 237).

Additionally, a district court may dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant.  See Fed. R. Civ. P. 12(b)(2).  On a motion to dismiss decided without benefit of an evidentiary hearing, the burden is on the plaintiff to establish a prima facie case in support of jurisdiction.  Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008).  The district court may receive "any combination of the recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis.  Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008)(quoting Thompson

v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985)). The court resolves all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations. Johnston, 523 F.3d at 609.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers jurisdiction and if jurisdiction is consistent with due process under the United States Constitution. Johnston, 523 F.3d at 609. General jurisdiction exists for any and all claims when the contacts are "so continuous and systematic as to render" the defendant "essentially at home in the forum State." Daimler AG v. Bauman, ___ U.S. ___, 134 S. Ct. 746, 754 (2014)(internal quotation marks omitted)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Specific jurisdiction exists if the asserted cause of action "arises out of or relates to the defendant's contacts with the forum." Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)).

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634

7

F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)). A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. Analysis

Defendant's motion raises multiple potential bases for dismissal of the entire case, and the court is obligated to address the challenges to subject matter jurisdiction before considering challenges to the merits. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The court then addresses Defendant's challenge to personal jurisdiction and concludes with the question whether Plaintiff stated a claim entitling it to relief.

**A. The Court Can Exercise Subject Matter Jurisdiction**

Here, Defendant argues that Plaintiff lost its capacity to sue when it forfeited its charter by failing to pay state franchise taxes. Defendant contends that the issue of legal existence goes to standing and negates subject matter jurisdiction. Plaintiff argues that it is in the process of rehabilitating its corporate status.

The concern is whether Plaintiff has standing to bring this lawsuit. Plaintiff alleged an injury of lost profits caused by

Defendant's sales of recordings for which Plaintiff owned the copyrights. If the allegations proved true, this litigation could redress that injury through the award of damages. Thus, Plaintiff successfully pled constitutional standing.

While the court harbors serious concerns whether the factual allegations support Plaintiff's legal capacity to sue or reflect that it is the real party in interest for the copyright infringement claims, the court finds that these problems do not deny the court of subject matter jurisdiction. See Rideau v. Keller Indep. Sch. Dist., 819 F.3d 155, 163 n.7 (5th Cir. 2016)(citing William V. Dorsaneo, III, The Enigma of Standing Doctrine in Texas Courts, 28 Rev. Litig. 35, 65 (2008))(noting that constitutional standing differs from capacity to sue in that the former raises a question of subject matter jurisdiction while the latter does not). The concerns of legal capacity and real party in interest are properly addressed under Federal Rule of Civil Procedure 12(b)(6).

**B. The Court Cannot Exercise Personal Jurisdiction Over Defendant**

Defendant supports its motion with the declaration of Marsha L. Reed ("Reed"), who is one of Defendant's officers.[24] Reed testified that Defendant was incorporated in California with a principal place of business in Burbank, California.[25] Reed

---

[24] See Doc. 18-1, Ex. 1 to Def.'s Mot. to Dismiss, Decl. of Marsha L. Reed.

[25] Id. p. 1.

classified Defendant as a dormant entity that has not conducted any business and has not had any financial activity "since at least 2006."[26] As further indication of lack of personal jurisdiction, Reed stated that Defendant has not engaged in business in Texas, is not registered to do business in Texas, has not incurred or paid taxes to Texas, has not appointed an agent for service of process in Texas, and has no offices, officers, directors, agents, employees, personal or real property, mailing address, or place of business in Texas.[27]

In response, Plaintiff contends that the court can exercise personal jurisdiction over Defendant because Defendant "has continuously and purposely sold its products in Texas since 2006 under its WDR Records label."[28] Plaintiff submits no declaration or other evidence to support this statement and provides no details. Even if supported by a declaration, the statement itself lacks sufficient detail to support a finding that Defendant's contacts were so continuous and systematic that it was at home in Texas or a finding that this action arose out of Defendant's contacts with Texas. Moreover, Reed's declaration directly contradicts Plaintiff's assertion.

---

[26] Id.

[27] Id. pp. 1-2.

[28] Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s 1st Am. Compl. p. 7 (citing to the only exhibit to its response, which includes Texas franchise tax reports filed by Plaintiff in April 2017 for the years 2011-2017).

In connection with Plaintiff's amended complaint, Plaintiff submitted a business search from the California Secretary of State indicating that Defendant's status is active to rebut Defendant's assertion that it has been dormant since 2006.[29] The court need not enter a semantics debate on the meanings of "active" and "dormant." An active status with the California Secretary of State falls well short of implicating personal jurisdiction over Defendant in Texas.

Plaintiff fails to establish a prima facie case of personal jurisdiction.

## C. **Plaintiff Failed to State a Valid Claim**

Although the lack of personal jurisdiction is a sufficient reason to grant Defendant's motion to dismiss, the court finds it necessary to address the two other problems mentioned above: lack of capacity and real party in interest.

Pursuant to Federal Rule of Civil Procedure 17(b)(2), a corporation's capacity to sue is determined by the law under which it was formed. A corporation that has forfeited its charter lacks capacity to sue in state courts. See Tex. Tax Code § 171.252. As of May 11, 2017, Plaintiff's status with the Texas Secretary of State was listed as "Tax Forfeiture" and had been since February 10, 2012.[30] Therefore, Plaintiff lacks the capacity to bring this

---

[29] See Doc. 17-1, Ex. A to Pl.'s 1st Am. Compl., Printout from Cal. Sec'y of State.

[30] Doc. 20-1, Ex. 1 to Def.'s Reply, Decl. of Wesley D. Lewis p. 1.

action.[31]

Under Federal Rule of Civil Procedure 17(a), "[a]n action must be prosecuted in the name of the real party in interest." The Copyright Act requires registration of the copyright claim prior to the institution of a civil action for infringement. 17 U.S.C. § 411(a); see also Baisden v. I'm Ready Prods., Inc., 693 F.3d 491, 499 (5th Cir. 2012)(stating that a copyright infringement claim requires proof of a valid copyright and proof that the defendant copied original elements of the plaintiff's work).

In this case, Plaintiff claimed to own copyrights to the recordings it alleges were infringed but failed to allege that it registered its copyright claims in its own name.[32] In fact, in its amended complaint, Plaintiff identified Walt Disney Music Company as the copyright registrant for the three songs at issue. Plaintiff's own pleading, then, concedes that Walt Disney Music Company is the real party in interest to prosecute this action for copyright infringement. Aside from that concession, Plaintiff has not shown that it filed copyright claims on the recordings and, thus, has not satisfied a prerequisite to bringing this copyright

---

[31] In its response to Defendant's motion to dismiss the amended complaint, Plaintiff represents that it is in the process of reinstating its corporate status. See Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s 1st Am. Compl. p. 6. Plaintiff attached to its response franchise tax reports for the years 2011-2017. Doc. 19-1, Ex. G to Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s 1st Am. Compl., Texas Franchise Tax Reports. However, Plaintiff has not informed the court that it has been reinstated.

[32] As of April 18, 2017, the U.S. Copyright Office listed no results for copyrights registered to Plaintiff. See Doc. 18-2, Ex. 2 to Def.'s Mot. to Dismiss Pl.'s 1st Am. Compl., Am. Aff. of Olga Marshall p. 1.

infringement action.

### III. Conclusion

Given the nature of the above reasons for granting Defendant's motion, the court finds it unnecessary to address Defendant's other arguments in favor of dismissal. The court finds that allowing Plaintiff to amend would be futile. Plaintiff has given no indication that it could correct any of the foregoing reasons for dismissal or the other bases raised in Defendant's motion. In fact, Plaintiff already had the opportunity to do so and failed.[33] The court **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

**SIGNED** in Houston, Texas, this 30th day of October, 2017.

_____
U.S. MAGISTRATE JUDGE

---

[33] With the exception of the res judicata argument not addressed herein, Defendant raised identical issues in its motion to dismiss the amended complaint as it had in its motion to dismiss the original complaint.